**5**
CHRISTOPHER D. SULLIVAN (SBN 148083)
JASON FULTON (*Pro Hac Vice*)
LESLEY ANNE HAWES (SBN 117101)
KAREN K. DIEP (SBN 305587)
DIAMOND McCARTHY LLP
150 California Street, Suite 2200
San Francisco, CA 94111
Phone: (415) 692-5200
Email: adiamond@diamondmccarthy.com
        csullivan@diamondmccarthy.com
        jfulton@diamondmccarthy.com
        lhawes@diamondmccarthy.com

Plaintiff International Manufacturing Group, Inc., a Liquidating Debtor, by and through The Beverly Group, Inc. as Plan Administrator

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re | Case No. 14-25820-D11 |
| INTERNATIONAL MANUFACTURING GROUP, INC., | Adv. Proc. No. 16-02090 |
| Debtor. | DCN: DMC-21 |
| | Chapter 11 |
| BEVERLY N. McFARLAND, Chapter 11 Trustee, International Manufacturing Group, Inc., <br> Plaintiff, <br> vs. <br> CALIFORNIA BANK & TRUST, a California Corporation; BANK OF AMERICA, N.A, a Delaware Corporation; and JAMESTOWN S'KLALLAM TRIBE, <br> Defendants. | **STIPULATION TO REQUEST TO CONTINUE STATUS CONFERENCE, AND TO EXTEND DISCOVERY DATES** |

This *Stipulation to Request to Continue Status Conference, and Extend Discovery Dates* (the "Stipulation") is entered into by and between Plaintiff International Manufacturing Group, Inc., a Liquidating Debtor, by and through The Beverly Group, Inc. as Plan Administrator ("Plaintiff"), by and through the undersigned counsel of record, on the one hand, and Defendant ZB, N.A., a national banking association, dba California Bank and Trust ("CB&T") (the "Defendant"), by and through its undersigned counsel of record, on the other hand. The Plaintiff and CB&T, by and through their respective undersigned counsel of record, are collectively referred to as the "Stipulating Parties."

## RECITALS

WHEREAS, on May 6, 2016, the Plaintiff filed a Complaint to Avoid and Recover the Value of Fraudulent Transfers and Objection to Claims (the "Complaint") [Adv. Dkt. No. 1] against BofA, CB&T and other defendants in the above-captioned adversary proceeding;

WHEREAS, the Plaintiff filed an Amended Complaint under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure on August 24, 2016 (the "Amended Complaint") [Adv. Dkt. No. 54];

WHEREAS, on April 20, 2017, CB&T filed and served its Answer to The Trustee's First Amended Complaint [Adv. Dkt. No. 217];

WHEREAS, on April 20, 2017, BofA filed and served its Answer to The Trustee's First Amended Complaint [Adv. Dkt. No. 222];

WHEREAS, on April 28, 2017, BofA and the Plaintiff filed an Initial Joint Discovery Plan [Adv. Dkt. No. 224];

WHEREAS, on May 8, 2017, CB&T and the Plaintiff filed an Initial Joint Discovery Plan [Adv. Dkt. No. 229];

WHEREAS, one of the Defendants in this case, the Jamestown S'Kallam Tribe ("Jamestown"), obtained a limited stay of the action from this Court in light of Jamestown's appeal of the denial of its motion to dismiss to the District Court, which appeal was denied by the District Court. Jamestown appealed that decision to the Ninth Circuit, and Plaintiff and Jamestown subsequently settled. The action was dismissed as to Jamestown pursuant to a Notice

of Voluntary Dismissal filed March 7, 2018 [Adv. Dkt. No. 281];

WHEREAS, Plaintiff intends to file a request for dismissal of its action against defendant Bank of America, N.A. only by on or about August 19, 2019;

WHEREAS, in accordance with the two Initial Joint Discovery Plans, and subsequent stipulations of the parties approved by the Court, on January 25, 2019, Plaintiff and CB&T met and conferred through their respective counsel to address the progress of written discovery in this action;

WHEREAS, pursuant to the Stipulation to Request to Continue Status Conference, and to Extend Discovery Dates filed on May 10, 2019 [Adv. Dkt. No. 320] ("May 2019 Stipulation"), which was approved by the Court by order entered on May 10, 2019 [Adv. Dkt. No. 321], the discovery cutoff for written discovery is currently August 13, 2019, and pursuant to the Court's Order to Continue Status Conference entered May 10, 2019 [Adv. Dkt. No. 321], a continued status conference was scheduled for August 28, 2019. The Court *sua sponte* by Order issued August 6, 2019 [Adv. Dkt. No. 335] continued the status conference to 1:30 p.m. on September 9, 2019;

WHEREAS, more than a million of pages of documents have been produced in this action to date, document production is ongoing, and not yet completed, and there may be further written discovery in this action;

WHEREAS, the Stipulating Parties desire to have additional time before completing written discovery, and the Stipulating Parties have therefore agreed, <u>inter</u> <u>alia</u>, (a) to further extend the initial period for written discovery until October 14, 2019, absent further agreement of the Stipulating Parties or order of the Court, and (b) that the period for completion of non-expert depositions would be an additional 180 days after the end of the written discovery period, i.e., 180 days after October 14, 2019, absent further agreement of the Stipulating Parties or order of the Court;

WHEREAS, the Stipulating Parties desire (a) to continue the status conference currently set for 1:30 p.m. on September 9, 2019 to a date following the extended written discovery cutoff; and (b) to extend other dates and deadlines in connection with the extension of the written

discovery deadline as set forth below;

**NOW, THEREFORE,** the Stipulating Parties, by and through their respective counsel of record, hereby stipulate, agree, and request as follows:

### AGREEMENT

1. The Stipulating Parties request that the Status Conference scheduled to be held on September 9, 2019 at 1:30 p.m. be taken off-calendar, and that the Status Conference be continued to October 21, 2019 at 1:30 p.m. or to another date and time as may be convenient for the Court, absent further agreement of the Stipulating Parties or order of the Court.

2. The initial period for written discovery for the Stipulating Parties shall be extended for an additional period of approximately 60 days to and including October 14, 2019, absent further agreement of the Stipulating Parties or order of the Court;

3. The Stipulating Parties shall meet and confer regarding the status of discovery on or before September 16, 2019.

4. The period for completion of non-expert depositions shall be an additional 180 days after the end of the written discovery period, *i.e.*, 180 days after October 14, 2019, absent further agreement of the Stipulating Parties or order of the Court; provided, however, that no party may serve any notices of deposition or deposition subpoenas in this matter until after the October 21, 2019 status conference has taken place, other than notices of deposition of Deepal Wannakuwatte, Paul Artley and Steven Delaney, and such other deponents as the parties may mutually agree.

**IT IS SO STIPULATED BY THE PARTIES THROUGH THEIR RESPECTIVE COUNSEL OF RECORD.**

Dated: August 13, 2019				DIAMOND MCCARTHY, LLP

						By: */s/ Christopher D. Sullivan*
						    Christopher D. Sullivan
						    Counsel for Plaintiff International Manufacturing Group, Inc., a Liquidating Debtor, by and through The Beverly Group, Inc. as Plan Administrator

1
2　Dated: August 13, 2019　　　　　　BUCHALTER NEMER, A Professional Corporation
3
　　　　　　　　　　　　　　　　　　By: _____
4　　　　　　　　　　　　　　　　　　　　Joel G. Samuels
　　　　　　　　　　　　　　　　　　　　Robert S. Addison, Jr.
5　　　　　　　　　　　　　　　　　　　　Anthony J. Napolitano
　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant ZB, N.A., a national
6　　　　　　　　　　　　　　　　　　　　banking association, dba California Bank & Trust
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28